UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAI REYNAGA,<br>Plaintiff,<br>v.<br>MARTIN GAMBOA,<br>Defendant. | Case No. 1:26-cv-05121-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR IMPROPERLY SEEKING HABEAS RELIEF THROUGH 42 U.S.C. § 1983<br><br>RESPONSE DUE WITHIN FOURTEEN DAYS<br><br>(ECF No. 1)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE |

## I. INTRODUCTION

Plaintiff Isai Reynaga is a state court prisoner and proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). Plaintiff filed his complaint on July 6, 2026, seeking prospective injunctive relief in the form of a court order to be transferred into federal custody to serve his sentence and to force adjudication of a federal detainer from the Southern District of California. (ECF No. 1).

Upon review of the allegations in the complaint, it appears that Plaintiff is challenging the legality of his custody, and the relief he seeks is a determination of his entitlement to an earlier or immediate release. Accordingly, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT[1]

Plaintiff is an inmate currently housed at Avenal State Prison ("ASP") in Avenal, California. (ECF No. 1). Plaintiff names Martin Gamboa, ASP warden, as the sole defendant in the case. (*Id.* at 2).

Plaintiff argues that his due process rights have been violated under the First Amendment[2] because he has not received a hearing to adjudicate an active federal detainer[3] and is prevented from earning good time credits and early release. (*Id.* at 3). Plaintiff also asserts a claim for cruel and unusual punishment in violation of the Eighth Amendment against "federal authorities" for not invoking federal jurisdiction over him so he can dispose of the federal detainer and "regain his liberty" by good time credits and early release. (*Id.* at 4).

Plaintiff's complaint attaches two Inmate Notification of Detainer Receipts, each stating: "On 07/21/2025 a detainer was filed against you. This detainer indicates that you are wanted by U.S. Marshal – Southern District of California…on a charge of ESCAPE RRC OCEANSIDE based on Warrant Number 24MJ03216." (*Id.* at 8, 9). The detainer receipt confirms that "CDCR intends to comply with this Detainer/Hold and/or Transfer request." (*Id.*).

Plaintiff seeks injunctive relief by way of a court order "to be moved to a federal institution to serve the remainder of [his] sentences or to be taken before the proper court" for a hearing to allow him to present evidence regarding the federal warrant underlying the detainer. (*Id.* at 6).

## III. LEGAL STANDARDS

In both of his purported constitutional claims, Plaintiff seeks release from state custody or a court order to adjudicate his federal warrant to allow him to earn good time credits and

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] While Plaintiff asserts his due process claim under the First Amendment, as a state prisoner who is alleging claims against the warden of the state prison, any due process analysis would otherwise proceed under the Fourteenth Amendment.

[3] A detainer "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Fex v. Michigan*, 507 U.S. 43, 44 (1993).

shorten his state sentence. (ECF No. 1 at 6). However, when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser*, 411 U.S. at 500.

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat.1979, as amended, 42 U.S.C. § 1983. *Id.* Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a 1983 action. *Muhammad v. Close,* 540 U.S.749, 750 (2004) (per curiam).

The Ninth Circuit has held that claims falling within the "core" of habeas are those that would "necessarily lead to [the petitioner's] immediate or earlier release from confinement"; all other claims must be brought in a civil rights action under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), *cert. denied*, 580 U.S. 1063 (2017).

Moreover, "[i]t has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (citing *Preiser,* 411 U.S. at 489).

**IV. ANALYSIS**

With these legal standards in mind, in reviewing the complaint, Plaintiff does not seek monetary damages. Instead, he seeks immediate or early release from state custody to pursue adjudication of his federal charges because he is unable earn good time credits for early release. Success in this action would necessarily demonstrate the invalidity of confinement or its duration. Since Plaintiff is challenging the particulars affecting the duration of his state confinement, his claims fall within the "core" of habeas and may not be brought in a civil rights action under 42 U.S.C. § 1983.

Furthermore, to the extent that Plaintiff is seeking injunctive relief against the denial of good time credits, he is asserting that a constitutional violation is improperly preventing him

from earning good time credits, which would otherwise provide for his earlier release from state custody. Thus, Plaintiff must again proceed in habeas corpus. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (finding rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) applied to state prisoner seeking damages for unconstitutional deprivation of good time credits, so long as the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good time credits).

## V. CONCLUSION AND ORDER

As explained above, it appears that Plaintiff is seeking habeas corpus relief, which is not available through an action under 42 U.S.C. § 1983. However, Plaintiff will be given an opportunity to explain why his case should not be dismissed.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to assign a District Judge to this case.
2. Within fourteen (14) days of being served with a copy of this order, Plaintiff shall file a statement in writing to show cause why this case should not be dismissed as seeking habeas corpus relief, which is not available through an action under 42 U.S.C. § 1983.[4]
3. If Plaintiff fails to respond to this order, this case may be dismissed.

IT IS SO ORDERED.

Dated: **August 6, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[4] Alternatively, Plaintiff is advised that he may file a notice stating that he wishes to voluntarily dismiss this instant case (1:26-cv-5121-EPG) under Federal Rule of Civil Procedure 41(a)(1)(A)(i).