UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAI REYNAGA,<br>Plaintiff,<br>v.<br>MARTIN GAMBOA,<br>Defendant. | Case No. 1:26-cv-05121-EPG (PC)<br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED<br>(ECF No. 1)<br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Isai Reynaga is a state court prisoner and proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). Plaintiff filed his complaint on July 6, 2026, seeking prospective injunctive relief in the form of a court order to be transferred into federal custody to serve his sentence and to force adjudication of a federal detainer from the Southern District of California. (ECF No. 1).

On August 6, 2026, the Court issued an order to show cause why this case should not be dismissed as improperly seeking to challenge the validity or duration of his confinement through 42 U.S.C. § 1983.

On August 24, 2026, Plaintiff filed a response to the order to show cause, stating that he is challenging the procedures, or lack thereof, for an inmate serving a state sentence in a state prison while being subject to a federal detainer. (ECF No. 10 at 2). He argues that "the state is depriving Plaintiff of a remedy to have the federal detainer adjudicated." (*Id.* at 3).

\\\

For the reasons described below, the Court will recommend that this action be dismissed without prejudice for improperly seeking to challenge the validity or duration of his confinement through 42 U.S.C. § 1983.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 17), the Court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) on these same bases.

## II. BACKGROUND

### A. Summary of Plaintiff's Complaint[1]

Plaintiff is an inmate currently housed at Avenal State Prison ("ASP") in Avenal, California. (ECF No. 1). Plaintiff names Martin Gamboa, ASP warden, as the sole defendant in the case. (*Id.* at 2).

In his complaint, Plaintiff argues that his due process rights have been violated under the First Amendment[2] because he has not received a hearing to adjudicate an active federal detainer[3] and is prevented from earning good time credits and early release. (*Id.* at 3). Plaintiff also asserts a claim for cruel and unusual punishment in violation of the Eighth Amendment against "federal authorities" for not invoking federal jurisdiction over him so he can dispose of

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] While Plaintiff asserts his due process claim under the First Amendment, as a state prisoner who is alleging claims against the warden of the state prison, any due process analysis would otherwise proceed under the Fourteenth Amendment. In response to the Court's order to show cause, Plaintiff stated that he is asserting a claim under the Fourteenth Amendment. (ECF No. 10 at 3).

[3] A detainer "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Fex v. Michigan*, 507 U.S. 43, 44 (1993).

the federal detainer and "regain his liberty" by good time credits and early release. (*Id.* at 4).

Plaintiff's complaint attaches two Inmate Notification of Detainer Receipts, each stating: "On 07/21/2025 a detainer was filed against you. This detainer indicates that you are wanted by U.S. Marshal – Southern District of California…on a charge of ESCAPE RRC OCEANSIDE based on Warrant Number 24MJ03216." (*Id.* at 8, 9). The detainer receipt confirms that "CDCR intends to comply with this Detainer/Hold and/or Transfer request." (*Id.*).

Plaintiff also attaches a Request for a Warrant Check dated March 12, 2026. (*Id.* at 10). The form states warrant number 24MJ03216 for a charge of "Escape RRC Oceanside" and includes a handwritten check mark indicating "I wish to file a 1381 (demand for trial) for these charges." (*Id.*). The "Inmate Signature" line bears a signature, and at the bottom of the form it indicates that a 1381 is "inapplicable in this case" with a handwritten statement: "We cannot file a 1381 on a federal warrant from U.S. Marshal." (*Id.*).

Plaintiff seeks injunctive relief by way of a court order "to be moved to a federal institution to serve the remainder of [his] sentences or to be taken before the proper court" for a hearing to allow him to present evidence regarding the federal warrant underlying the detainer. (*Id.* at 6).

**B. Order to Show Cause**

The Court reviewed the complaint and found that "[s]ince Plaintiff is challenging the particulars affecting the duration of his state confinement, his claims fall within the 'core' of habeas and may not be brought in a civil rights action under 42 U.S.C. § 1983." (ECF No. 9 at 3). The Court also stated:

> Furthermore, to the extent that Plaintiff is seeking injunctive relief against the denial of good time credits, he is asserting that a constitutional violation is improperly preventing him from earning good time credits, which would otherwise provide for his earlier release from state custody. Thus, Plaintiff must again proceed in habeas corpus. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (finding rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) applied to state prisoner seeking damages for unconstitutional deprivation of good time credits, so long as the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good time credits).

(*Id.* at 3-4).

Accordingly, the Court issued an order to show cause why the case should not be dismissed for improperly seeking habeas relief under 42 U.S.C. § 1983. (*Id.* at 4).

On August 24, 2026, Plaintiff filed his response to the Court's show cause order. (ECF No. 10). Plaintiff acknowledges that he would be released sooner but for the federal detainer, and states that he is really seeking to challenge the procedures, or lack thereof, for a person "caught in limbo" between serving a state sentence and an impending federal detainer. (*Id.* at 1-2). Plaintiff argues that the lack of procedures "and/or lack of cooperation between the Federal Bureau of Prisons, the U.S. Marshals, and the California Department of Corrections and Rehabilitation violates his 14th Amendment and chances at liberty."

## III. LEGAL STANDARDS

In both of his purported constitutional claims, Plaintiff seeks release from state custody or a court order to adjudicate his federal warrant, which would allow him to earn good time credits and shorten his sentence. (ECF No. 1 at 6; ECF No. 10 at 1). However, when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat.1979, as amended, 42 U.S.C. § 1983. *Id.* Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a 1983 action. *Muhammad v. Close,* 540 U.S.749, 750 (2004) (per curiam).

The Ninth Circuit has held that claims falling within the "core" of habeas are those that would "necessarily lead to [the petitioner's] immediate or earlier release from confinement"; all other claims must be brought in a civil rights action under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), *cert. denied*, 580 U.S. 1063 (2017).

Moreover, "[i]t has been clear for over thirty years that a state prisoner seeking injunctive relief against the denial or revocation of good time credits must proceed in habeas

corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (citing *Preiser,* 411 U.S. at 489).

## IV. ANALYSIS

With these legal standards in mind, in reviewing the complaint, Plaintiff does not seek monetary damages. Instead, his complaint seeks immediate or early release from state custody to pursue adjudication of his federal charges because he is unable to earn good time credits for early release. Success in this action would necessarily demonstrate the invalidity of confinement or its duration. Since Plaintiff is challenging the particulars affecting the duration of his state confinement, his claims fall within the "core" of habeas and may not be brought in a civil rights action under 42 U.S.C. § 1983.

In his response to the order to show cause, Plaintiff seems to argue that he is not explicitly seeking an early release from state custody but challenging the prison's lack of procedures to adjudicate the federal detainer and that adjudicating the detainer would then result in an earlier release. (ECF 10 at 1-2). Plaintiff argues that, under *Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005), he is permitted to bring a 1983 action because he is challenging hearing procedures within his state prison facility. (ECF No. 10 at 2). In *Wilkinson*, two state prisoners brought a 1983 action, claiming state parole procedures were unconstitutional and seeking a prospective injunction requiring officials to follow constitutional parole procedures. *Wilkinson*, 544 U.S. at 26-78. The Supreme Court held that, because neither prisoner sought an immediate release or speedier release, and because a favorable judgment would not necessarily imply the invalidity of their conviction or sentence, the prisoners' § 1983 claims did not sound in habeas and were not barred by *Heck*. *Id.* at 82; *see also Olivier v. City of Brandon, Mississippi*, 607 U.S. 552 (2026) (summarizing holding in *Wilkinson*).

Considering Plaintiff's argument to the show cause order, he still fails to state a cognizable claim. First, Plaintiff sought a hearing on the outstanding federal warrant under California Penal Code § 1381. However, § 1381 is a state statute and only applies to state criminal proceedings. *Mose v. United States*, No. 220CV10158CASKES, 2020 WL 8084251, at *5 (C.D. Cal. Nov. 16, 2020), *report and recommendation adopted,* No.

220CV10158CASKES, 2021 WL 90502 (C.D. Cal. Jan. 8, 2021). Plaintiff's federal detainer is not a state criminal proceeding, and Plaintiff is not entitled to a trial of his federal warrant under state statute § 1381.

Next, unlike the prisoners in *Wilkinson*, Plaintiff is directly challenging the validity and duration of his confinement. Plaintiff states that he is being deprived of "program choices here that would ultimately allow him a speedier release" and that the "lack of procedures...violates his…chances at liberty." (ECF No. 10 at 1, 3; *see also* ECF No. 1 at 3). Plaintiff is therefore seeking a speedier release and an order to the prison to adjudicate his federal detainer and warrant. Thus, *Wilkinson* does not apply.

Finally, to the extent that Plaintiff is seeking injunctive relief against the denial of good time credits, he is asserting that a constitutional violation is improperly preventing him from earning good time credits, which would otherwise provide for his earlier release from state custody. Thus, Plaintiff must again proceed in habeas corpus. *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (finding rule in *Heck* applied to state prisoner seeking damages for unconstitutional deprivation of good time credits, so long as the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good time credits).

Accordingly, the Court will recommend that the complaint be dismissed without prejudice to Plaintiff filing a habeas action.[4]

## V. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice as to Plaintiff filing a habeas action and without further leave to amend.
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may

---

[4] Habeas has its own requirements and limitations, and the Court takes no position on whether the claim is currently cognizable in habeas.

file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 28, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE