UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAI REYNAGA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN GAMBOA,<br><br>Defendant. | Case No. 1:26-cv-05121 KES EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; DISMISSING ACTION WITHOUT PREJUDICE FOR IMPROPERLY CHALLENGING THE VALIDITY OR DURATION OF HIS CONFINEMENT THROUGH 42 U.S.C. § 1983; AND DIRECTING CLERK OF COURT TO THIS CLOSE CASE<br><br>Doc. 11 |

Isai Reynaga asserts he is challenging the procedures, or lack thereof, for an inmate serving a state sentence in a state prison while being subject to a federal detainer to obtain his transfer to federal custody. *See generally* Doc. 1. In his complaint, Reynaga seeks prospective injunctive relief in the form of a court order to be transferred into federal custody to serve his sentence and to force adjudication of a federal detainer from the Southern District of California. *Id.*

On August 6, 2026, the Court issued an order to show cause why this case should not be dismissed as improperly seeking to challenge the validity or duration of his state confinement through a 42 U.S.C. § 1983 action. Doc. 9. The magistrate judge found that "[s]ince Plaintiff is challenging the particulars affecting the duration of his state confinement, his claims fall within the 'core' of habeas and may not be brought in a civil rights action under 42 U.S.C. § 1983." *Id.*

at 3. The magistrate judge found that "to the extent that Plaintiff is seeking injunctive relief against the denial of good time credits, he is asserting that a constitutional violation is improperly preventing him from earning good time credits, which would otherwise provide for his earlier release from state custody." *Id.* at 3-4. Therefore, the magistrate judge found that Reynaga must proceed in habeas corpus. *Id.* at 4 (citing *Edwards v. Balisok,* 520 U.S. 641, 648 (1997)).

The magistrate judge gave Reynaga fourteen days to respond to the order to show cause, stating that "[i]f Plaintiff fails to respond to this order, this case may be dismissed." *Id.* On August 24, 2026, Plaintiff filed a response to the order to show cause, stating that he is challenging the procedures, or lack thereof, for an inmate serving a state sentence in a state prison while being subject to a federal detainer. Doc. 10 at 2. He argued that "the state is depriving [him] of a remedy to have the federal detainer adjudicated." *Id.* at 3.

On August 28, 2026, the magistrate judge issued findings and recommendations that the action be dismissed without leave to amend, but without prejudice to plaintiff filing a habeas action. Doc. 11. The court served these findings and recommendations on Reynaga with a notice that any objections were to be filed within thirty days. *Id.* at 6-7. The court informed Plaintiff that a failure to file timely objections "may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." *Id.* at 7 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Reynaga did not file objections, and the time to do so has expired.

Consistent with 28 U.S.C. § 636(b)(1), the court conducted a de novo review. Having carefully reviewed the matter, the court concludes the findings and recommendations are supported by the record and proper analysis.

///

///

///

///

///

///

///

The Court ORDERS:

1. The findings and recommendations issued August 28, 2026 (Doc. 11) are ADOPTED in full.
2. This action is DISMISSED without further leave to amend, but without prejudice to plaintiff filing a habeas action.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 1, 2026

UNITED STATES DISTRICT JUDGE